UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARQUE GARDELEY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JAMES DZURENDA, et al.,<br><br>　　　　　　Defendants. | Case No. 3:24-cv-00234-ART-CLB<br><br>ORDER |

　　　　This action began with a pro se civil-rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. (ECF No. 15). In screening Plaintiff's complaint, the Court allowed some claims to proceed and dismissed others with leave to amend to file a first amended complaint by February 16, 2025, if Plaintiff so chose. (ECF No. 14 at 16-17). The Court stated that, if Plaintiff chose not to file an amended complaint, the case would proceed immediately and only on: (a) the ADA and RA claims against Defendants Perkins, Cooke, Drummond, Hernandez, Kenneth Williams, Dzurenda, and Brian Williams (claim 1) in their official capacities only; and (b) the claims for Fourteenth Amendment equal protection and First Amendment free speech violations against Defendants Cooke and Hernandez (claim 3). (*Id.* at 18). Plaintiff did not file an amended complaint or otherwise respond. This case will now proceed on those specified claims.

　　　　The Court takes judicial notice that two of Plaintiff's cases were recently part of an Inmate Early Mediation Conference; unfortunately, the parties were unable to reach a settlement.[1] In light of this, the Court will send this case onto the normal litigation track instead of referring this case to the Inmate Early Mediation Program.

　　　　Plaintiff also filed a motion for appointment of counsel. (ECF No. 12). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C.

---

[1] On February 25, 2025, Plaintiff had Inmate Early Mediation Conferences in both *Gardeley v. Dzurenda*, 3:24-cv-00111-MMD-CSD, and *Gardeley v. Dzurenda*, 3:24-cv-00325-MMD-CSD.

§ 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

In this case, the Court does not find exceptional circumstances that warrant the appointment of counsel. Plaintiff is hearing impaired, but he has been able to communicate effectively with the Court. The screening order found that Plaintiff successfully stated colorable claims and the claims do not appear to be particularly complex at this time. Therefore, the Court denies the motion for appointment of counsel without prejudice.

IT IS THEREFORE ORDERED that:

1. This case will proceed onto the normal litigation track and will **not** be referred to the Inmate Early Mediation Program.

2. Pursuant to the Court's screening order (ECF No. 14), this action will proceed only on: (a) the ADA and RA claims against Defendants Perkins, Cooke, Drummond, Hernandez, Kenneth Williams, Dzurenda, and Brian Williams (claim 1) in their official capacities only; and (b) the claims for Fourteenth Amendment equal protection and First Amendment free speech violations against Defendants Cooke and Hernandez (claim 3).

3. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff will not be required to pay an initial installment of the filing fee. And Plaintiff is permitted to maintain this action to conclusion without the necessity of

prepayment of any additional fees or costs or the giving of security. But even if this action is later dismissed, the full filing fee must still be paid under 28 U.S.C. § 1915(b)(2).

4. To ensure that Plaintiff pays the filing fee, the Nevada Department of Corrections will forward payments from the account of **Marque Gardeley, #1099633** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits—in months that the account exceeds $10—until the full $350 statutory filing fee has been paid for this action.

5. Service must be perfected within 90 days from the entry date of this order consistent with Federal Rule of Civil Procedure 4(m).

6. Subject to the findings of the screening order (ECF No. 14), within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

7. If service cannot be accepted for any of the named defendant(s), Plaintiff will file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General's Office has not provided last-known-address information, Plaintiff will provide the full name and address for the defendant(s).

8. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint (ECF No. 15) within 60 days from the entry date of this order.

9. Plaintiff will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for the Court's consideration. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. IC 4-1(b); Nev. LR 5-1. But if Plaintiff mails the document to the Court, Plaintiff will include with it a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. If counsel has entered a notice of appearance, Plaintiff will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service when required.

10. The motion for appointment of counsel (ECF No. 12) is denied without prejudice.

11. This case is no longer stayed.

12. The Clerk of the Court will **electronically SERVE** a copy of this order and a copy of Plaintiff's complaint (ECF No. 15) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the interested party on the docket. This does not indicate acceptance of service.

13. The Clerk of the Court will **SEND** a copy of this order to the Finance Division of the Clerk's Office and the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

DATED: February 27, 2025

_____
U.S. Magistrate Judge