UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARQUE GARDELEY,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>JAMES DZURENDA, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:24-CV-00234-ART-CLB<br><br>**ORDER DENYING MOTION<br>FOR APPOINTMENT OF COUNSEL**<br><br>[ECF No. 18] |

　　　　Before the Court is Plaintiff Marque Gardeley's motion for appointment of counsel. (ECF No. 18.) No response was filed. For the reasons discussed below, the motion for appointment of counsel, (ECF No. 18), is denied.

　　　　There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.)  While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

　　　　A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such

a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

Plaintiff has filed three motions for appointment of counsel previously in this case (ECF Nos. 10, 11, 12), which were all denied without prejudice. (*See* ECF Nos. 14, 16.) In the present motion, Plaintiff argues he should be appointed counsel because (1) he cannot obtain counsel due to his financial status, (2) his imprisonment will limit his ability to litigate his claims, (3) the issues in the case are "complex" and will require significant research and investigation, (4) he is deaf and will require an interpreter, and (5) he has limited knowledge of the law. (ECF No. 18.)

The Court does not find exceptional circumstances exist in this case. Plaintiff only makes conclusory assertions that this case is complex, however this case is limited to claims under the Fourteenth Amendment equal protection, First Amendment free speech, and ADA and RA violations, which do not involve complex questions, nor do they require expert assistance to understand. Moreover, while Plaintiff is hearing impaired, he has been able to effectively communicate with the Court and Defendants to this point. Finally, Plaintiff's contention that he has limited knowledge in these types of proceedings is unexceptional compared to most prisoner civil rights cases. Accordingly, Plaintiff has not demonstrated exceptional circumstances, and thus, the motion for appointment of counsel, (ECF No. 18), is **DENIED** without prejudice.

**IT IS SO ORDERED.**

**DATED**: March 27, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**