AARON D. FORD
  Attorney General
JOHN REGALIA (Bar No. 16969)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-3106 (phone)
(702) 486-3768 (fax)
Email: jregalia@ag.nv.gov

*Attorneys for Defendants*
*Tasheena Cooke, David Drummond,*
*James Dzurenda, Patricia Hernandez,*
*Michelle Perkins, Brian Williams,*
*and Kenneth Williams*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARQUE GARDELEY, | Case No. 3:24-cv-00234-ART-CLB |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' FIRST REQUEST FOR EXTENSION TO THE DEADLINE TO RESPOND TO PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT** |
| JAMES DZURENDA, *et al*, | |
| Defendants. | |

Defendants, Tasheena Cooke, David Drummond, James Dzurenda, Patricia Hernandez, Michelle Perkins, Brian Williams, and Kenneth Williams, by and through counsel, Aaron D. Ford, Nevada Attorney General, and John Regalia, Deputy Attorney General, State of Nevada, Office of the Attorney General, hereby request an extension of the deadline to respond to Plaintiff's Opposition to Summary Judgement.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This is an offender civil rights matter filed pursuant to 42 U.S.C. § 1983. Plaintiff Marque Gardeley (Gardeley) is an offender in the custody of the Nevada Department of Corrections (NDOC) and is currently housed at High Desert State Prison.

On March 18, 2026, Defendant filed a Motion for Summary Judgment. ECF No. 36. After receiving an extension, Plaintiff filed his Opposition on May 05, 2026. ECF No. 46.

Plaintiff filed a Motion requesting to meet with Defendants' Counsel to discuss a global settlement. ECF No. 45. Plaintiff also sent a letter to counsel requesting an in-person meeting to discuss a global settlement and a temporary extension to his cases to facilitate this discussion.

Defendants now request a brief extension of the deadline to reply to facilitate an in-person meeting with Plaintiff to discuss settlement and to allow counsel for Defendants time to adequately respond to the Motion given Counsel's current caseload.

## II.    LEGAL STANDARD

A request to extend unexpired deadlines in the scheduling order is governed by Rule 16 of the Federal Rules of Civil Procedure. *Alexander v. Las Vegas Metropolitan Police Department*, Case No. 2:24-cv-00074-APG-NJK, 2025 WL 793023, at *1 (D. Nev. Feb. 12, 2025). "The Ninth Circuit is protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets." *Alexander*, 2025 WL 793023, at *1 (citing *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 n.3 (D. Nev. 2022) (quoting *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273-LJO-BAM, 2013 WL 645741, at *4 (E.D. Cal. Feb. 21, 2013))). Indeed, the Ninth Circuit has "repeatedly and emphatically addressed the importance of scheduling orders as tools for district courts to manage their heavy caseloads." *Alexander*, 2025 WL 793023, at *1 (citing *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases)).

As articulated in one of those cases:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Alexander*, 2025 WL 793023, at *1 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation omitted)). Given the importance of scheduling orders and the well-established expectation that they be taken seriously, "enforcement of

such an order should come as a surprise to no one." *Alexander*, 2025 WL 793023, at *1 (citing *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006)).

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. *Alexander*, 2025 WL 793023, at *1 (citing Fed. R. Civ. P. 16(b)(4); Local Rule 26-3). The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Alexander*, 2025 WL 793023, at *1 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). This showing of diligence is measured by the parties' conduct during the entirety of the period of time already allowed. *Alexander*, 2025 WL 793023, at *1 (citing *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. Lexis 169110, at *11-12 (D. Nev. Dec. 15, 2015) (collecting cases)). That parties waited until the last minute to conduct discovery and have run into obstacles in timely completing that discovery is not good cause to extend deadlines. *See id.* When diligence has not been shown in support of an extension request, "the inquiry should end." *Alexander*, 2025 WL 793023, at *1 (citing *Johnson*, 975 F.2d at 609).

### III.    Legal Analysis

Counsel for Defendants is currently coordinating an in-person meeting with Plaintiff. Plaintiff has expressed that he is unable to conduct a telephonic meeting due to his hearing impairment thus Counsel is required to coordinate a time and date with the institution that can facilitate this meeting. Counsel for Defendants is also contending with a large caseload due to current staffing shortages which can make coordinating the 2 hours of travel to meet with Plaintiff difficult.

This also provides a further basis for a short extension as counsel has multiple other dispositive motions due within a week of this case.[1] Plaintiff's 38-page Opposition is extensive, and Defendants' counsel contends that a short extension given the size of

///

---

[1] Counsel has dispositive motions in the following cases the same week as the current matter: 2:24-cv-01175, 2:19-cv-00103-RFB-NJK, 2:24-cv-00345-DL, 2:34-cv-00923, 2:24-cv-01922-APG-NJK.

Plaintiff's Opposition and Counsel's current caseload provides further basis to extend the deadline to reply.

For these reasons, Defendants request a twenty-one (21) day extension to the current deadline to facilitate an in person meeting and to allow Defendants to properly respond to the Opposition.

**PROPOSED DEADLINE**

- Current Deadline: May 19, 2026.

- Proposed Deadline: June 09, 2026.

DATED this 18th day of May, 2026.

AARON D. FORD
Attorney General

By: /s/ John Regalia
JOHN REGALIA (Bar No. 16969)
Deputy Attorney General

*Attorneys for Defendants*

**IT IS SO ORDERED.**

**DATED:**  May 19, 2026.

UNITED STATES MAGISTRATE JUDGE